We will hear argument in Dettelis v. Sharbaugh. Good morning, Mr. Costello. Good morning, judges. My name is Sean Costello. On behalf of defendants' appellees, Cattaraugus County Department of Probation Supervisor Michael Sharbaugh, Officer Denise Langvarsky, and Director Gerald Zimmerman, I hope not to reach the red light today, as the appellant submitted no reply and elected not to appear for oral argument. But I would like to urge just one point. In addition to affirming the district court's decision for all of the reasons set forth therein, I would ask that the court, on its review, consider that the appellees should be immune from suit for their quasi-prosecutorial act of bringing a violation of probation proceeding, which is within the scope of their duties and requires that they exercise substantial discretion, not only interpreting the sometimes and arguably vague terms of the probation conditions and also whether the conduct of the probationer violated those conditions, but also in determining what sanction to seek from the court, assessing the offender's threat level, and recommending to the court what penalty should be imposed on the probationer for their violation. Are you asking us to do that, or should we be referring that to the New York State Court of Appeals? Your Honor, I believe that this court could do it based on the established... There's plenty of precedent. I acknowledge that this court has not decided that New York probation officials have absolute immunity for suit in this situation in the context of bringing a violation of probation proceeding, but I think it's a quasi-prosecutorial act that's analogous to many of the situations where individuals who are not actually prosecuting attorneys have been granted immunity. So you're suggesting that we articulate a pronouncement on qualified immunity or absolute immunity? When you say quasi-judicial, it sounds to me like absolute immunity. I believe absolute would be appropriate under the circumstances of this case. There is also an argument for qualified immunity, given that until the Fourth Department rendered its decision that the conducted issue did not... The Fourth Department found there was an inquiry by the police that that did not constitute questioning that the probation officials were acting, you know, as reasonably prudent persons in their conduct. On the other hand, you'd be happy if we affirmed Judge Gerasi's order? Absolutely, Your Honor. The judge's order was that there was probable cause, right? Yes, Your Honor. Let me ask you if that's actually how we should view it. I mean, given the state's decision, these facts would no longer be enough to establish probable cause, so isn't it qualified immunity on whether the officers at the time could have thought they had probable cause? As I understand it, even the Fourth Department says that the police inquired as to what had happened, so you might think there was questioning. But I'm wondering whether it's arguable probable cause rather than actual probable cause in light of the way the reviewing court has now construed this requirement. Until the Fourth Department made that judicial interpretation of the term questioned in the conditions of probation, under the facts of this case, with the police officer speaking and, as the Fourth Department found, inquiring of the defendant, the probation officers acted reasonably and prudently, and I think that that establishes that there was probable cause at the time. Moving forward, under similar facts, with the Fourth Department's decision and interpretation of the term questioned, under these facts, I think that there would be a probable cause issue at that point. Is the lack of malice just an easier call, the failure to plead malice? I think that they're both pretty easy calls. Yes, the issue of malice, it's a long complaint, and it's pretty clear from the complaint that the real dispute here is with the first set of defendants that the plaintiff sued, the actors within the district attorney's office. He's offered nothing but speculation of some friendships between the appellees and individuals at the district attorney's office who prosecuted him, and it's just mere speculation and surmise and no concrete pleading of malice. Any one of those will get us there. Any one of them gets us there. But you'd still like us to rule on absolute immunity because you think that officers need clarity, they need to know what's going on. And as a matter of public policy, the probation officials shouldn't have to fear civil suits when they exercise their discretion, when they follow New York law and exercise discretion in determining whether or not to file a violation of probation and what sanction to seek. But if it's really a matter of public policy, isn't that something that is best left to the highest state court rather than us? Well, the court of appeals did rule in the Tango by Tulevich case that a probation supervisor was entitled to immunity. It doesn't really get into the details very much, but for performing an act within the scope of her duties, which is exactly what we have here, there's no question that it is within the scope of the probation officer's duties to file or to commence a violation of probation proceeding. Thank you. Thank you, Mr. Costello. We'll reserve decision and get a decision out shortly.